# UNITED STATES
### *v.*
## FRANCISCO SIERRA.

---

San Juan, Criminal, No. 590.

INSTRUCTIONS TO THE JURY.

Criminal Law—Presumption of Innocence—Burden of Proof.
    1.  In a criminal case there is a presumption that the defendant is innocent until he is proved guilty, and the burden is on the government to prove its charge against the defendant beyond a reasonable doubt.

---

NOTE.—As to what constitutes a reasonable doubt in criminal cases, see note in 17 L.R.A. 705.

United States v. Sierra.

Criminal Law—Reasonable Doubt—Smuggling.

2. In criminal law a reasonable doubt does not mean no doubt whatever, but a reasonable and moral certainty of the truth of the charge against the defendant. Smuggling is the fraudulently bringing into or taking out of a country goods and merchandise on which the duty has not been paid or the importation or exportation of which is prohibited.

Criminal Law—Smuggling—Intention.

3. The only way of judging whether or not a defendant intended to evade the law against smuggling is by his acts, not only at the time the articles were introduced, but also subsequently to their introduction.

Criminal Law—Smuggling—Intention—Goods for Personal Use.

4. If a person brings articles into the United States which are exempt from the payment of duty, and afterwards disposes of them, this fact of itself does not necessarily establish that he intended to evade the law, as his intention must be judged by all the circumstances of the case.

Criminal Law—Intention.

5-6. In judging whether a person intended to smuggle in certain jewelry which he carried on his person as adornment, the custom of the country from which he came as to the wearing of jewelry may be considered by the jury.

Criminal Law—Burden of Proof—*Malum in Se*—*Malum Prohibitum*.

7. When the act committed by a defendant is *malum in se*, the burden of proof is on him to show that no intention to commit the act existed, but when the act is *malum prohibitum* no such intention will be presumed.

Criminal Law—Smuggling—"Necessary."

8. The word "necessary" as used in the statute does not imply something indispensable, but something that is reasonable and convenient.

Criminal Law—Smuggling—"Baggage"—Ignorance of the Law.

9. Jewelry is included in the general word "baggage," and, as an intention to defraud the revenues is essential to the crime of smuggling, the jury may take into consideration whether or not a defendant was ignorant of the law.

Opinion filed May 5, 1915.

*Mr. Miles M. Martin,* United States Attorney, for the Government.

*Mr. J. Henri Brown* for the defendant.

HAMILTON, Judge:

Gentlemen of the jury: This is a criminal case, and as such in some respects it is different from those that you ordinarily have tried or will try. This is a suit with the government of the United States on the one side and the defendant, Sierra, on the other. And it is interesting, just in passing, to notice that, although it is a suit by what some of us might say is the greatest government on the face of the earth, the defendant, a foreigner, stands here exactly as he would if it was a common case between Smith and Jones. He has all the rights that any person could have. The government, as suggested, does not stand here as a government. It has no authority over this judge or over this jury. You gentlemen and myself are simply judging between two parties, the government of the United States on the one side and this defendant, Sierra, on the other, with no bias one way or the other.

In a criminal case there is a presumption that the defendant is innocent until he is proved guilty. That does not mean that now you are to presume him innocent. It simply means that, on all the evidence of the case, you started out with the idea that the government must make out its case as in any other case, but that in a criminal case it must prove the guilt of the defendant on this particular charge beyond what is called a reasonable doubt. That is very difficult to define, but I do not know that

it is necessary to define a reasonable doubt. If upon all the evidence of the case you are satisfied, as you would be in the weighty affairs of life, that the defendant is guilty, you would bring in a verdict of guilty. It has been defined at some length by Chief Justice Shaw of Massachusetts, one of the greatest legal minds. I will read just a few lines of it.

"It is not a mere possible doubt; because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in such a condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. The burden of proof is upon the prosecutor. All the presumptions of law independent of evidence are in favor of innocence; and every person is presumed to be innocent until he is proved guilty. If upon such proof there is reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal. For it is not sufficient to establish a probability, though a strong one, arising from the doctrine of chances, that the fact charged is more likely to be true than the contrary, but the evidence must establish the truth of the fact to a reasonable and moral certainty,—a certainty that convinces and directs the understanding and satisfies the reason and judgments of those who are bound to act conscientiously upon it. This is proof beyond reasonable doubt."

So that you must find the defendant guilty, if at all, in your minds beyond a reasonable doubt; not that there may possibly be a doubt or he may possibly be innocent. That is not it. But there must be a reasonable doubt if you are to give him the benefit of it.

What is this charge? It is a charge known in brief as smuggling, in this case, of jewelry. Smuggling is defined as fraudulently taking into a country or out of it merchandise which is lawfully prohibited. Smuggling consists in the bringing on shore or carrying from the shore goods and merchandise, for which the duty has not been paid, or goods the importation or exportation of which is prohibited. I can charge you without any error in this case that the importation of jewelry, such as has been introduced in evidence here, is prohibited, and the importation of it without paying duty is smuggling unless—and the exception is of course what you will lay stress upon—it comes under this exception in ¶ 642 of the law on the subject. Bringing in jewelry of this character without paying duty would be smuggling unless it comes within the exception now mentioned:

"Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; but this exemption shall include only such articles as were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons or for sale."

The question in this case is, What was the intention of this defendant at the time that he came on shore and went through the examination at the customhouse or before the examiners on the boat, as the case may be? What was his intention? Intention, as you know, is something that you cannot prove. If a witness is asked, what did you intend to do, the court could not

United States v. Sierra.

permit the question to be answered. You get at a man's intention yourself in business from what he does. It is the only way you can get at it. You could not ask him what his intention was. That would enable him to testify on a subject on which no one could contradict him. What was his intention? If he brought these goods here for his own personal use and adornment, and you find that that is reasonable under all the facts of the case, he would not be guilty. If, however, he brought them here for any other purpose; to give away, to sell or to dispose of as he needed funds; if he brought these goods as he would take a letter of credit, to sell one piece as he needed money in his travels, or if he brought them as merchandise, to dispose of all of them at wholesale or retail, that is smuggling. Which did he intend at the time that he passed the customhouse examination?

You are to take into account all the facts of this case, and you can see that it is in some respects an unusual case. I thought it proper to pursue a very unusual course, to permit the witnesses to be recalled and examined two or three times so as to get all the facts, but you are not bound to get at his intention by what was done at that time only. You can get at his intention at the time of passing the customhouse by what he did afterwards. It may reflect back light upon what he intended at that time. It is not for me to go into the facts of the case, except so far as they may be undisputed.

There is another phase of it. If he brought those goods into the United States for his personal use and nothing else, and then afterwards changed his mind, afterwards got hard up, as we say, and wanted to sell one or more pieces, in such a case it would not be smuggling, but you have got to be satisfied of it. There must be some evidence before you that there was some change

United States v. Sierra.

in his circumstances. You cannot guess that he brought them in, intending as a good citizen, and as a good foreigner should do, to comply with the laws of the country, and then changed his mind. There has got to be shown some change of circumstances, and it is for you to say whether there was any change in the circumstances of this man between the time he landed and whatever was done in the way of a sale. There are a number of things that you can take into account. They are not all the facts, but I may call your attention to them in passing. A fact is that this man came to the United States with no trunk, no clothing except what he could carry in his hand, and several thousand dollars' worth of jewelry that he carried in his pocket or in a little case of some sort. That was the fact,—that was the way he came. You must take into account the kind of jewelry this is. If you find that there is some jewelry that is meant for the wear of women, and not of men, it is for you to say whether in any sense that was meant for his personal adornment, that is to say, would come within the exception of the law. You have the jewelry before you, and have the testimony before you, and you can tell whether it was any such exemption or not.

, Let me call your attention to one distinction. If he came in with two or three rings on his fingers and prima facie nothing is shown one way or the other as to those and he made no concealment of them at all, I think you can assume that what he actually carried on his fingers were for his personal adornment if they were reasonably suited for that purpose. But that would not acquit him of bringing in the other things. I mention this simply to call your attention to what may be a distinction. The fact that he intended some things for his personal adornment and use would not make him innocent of bringing in other things

United States v. Sierra.

which were not so intended, if you find that such is the case. I do not say that such is the distinction, but I call your attention to the fact. In other words, he might be guilty of smuggling in a part of these goods without being guilty of smuggling in all of them, and that would have no effect so far as your verdict is concerned. He would be guilty if you find that there was anything of material value on him for such purpose. The amount of punishment, if there should be any, would be a matter not for you.

Your attention is called to the fact that you are entitled to take into account, among all the circumstances of this case, what was the custom of the country where this man came from. If he came from a country where it was customary to wear a great deal of jewelry, you would expect him to have the same idea, the same custom himself. So it is something that you may take into account, but not by itself. You must take into account, also, that he is apparently an intelligent man, and that he was going into a country where the custom might be different. So if it is a fact that the customs are different here, that is to be remembered, but also remember what are the customs of the country from which the man was coming. Take both of them into account.

Possibly one of the most important points to which I should call your attention is this. I said it is the intention that must govern you. If you find that he brought this jewelry with the intent to sell it all at one time, or from time to time, or to pay his passage from place to place, that would constitute the crime of smuggling, would throw light back upon it. You must, however, have some evidence upon that point. You are not to presume anything against the defendant. On the contrary, you are to assume that he is innocent until he is proved guilty on the

United States v. Sierra.

facts of the case. So a very important point for you to determine is whether, on the evidence before you, there was any real attempt to sell. That is one of the important points of the case. If there was no real attempt to sell, if he was simply trying to get the value, you could take that into account, and it would throw a great deal of light upon his intention. But if you find that he bought this jewelry cheap, and went to a jeweler here and obtained values upon it, the fact that he did not sell it, that they did not agree upon the price, would not prevent you from drawing the inference, if it is a fair inference, that he intended to sell it. In other words, it is not the sale, he does not have to sell anything, but the fact, if it is a fact, that he attempted to sell or made efforts looking to a sale, which would throw light upon what his intent was when he brought it into the country. All I wish to call your attention to is that it is the intention with which he passed the customhouse that governs this case, and all other evidence in the case is important only so far as it throws light upon that intention.

I have been asked to give certain charges, and, contrary to my custom, as this is a criminal case, I will give those that I think are just; but you are to take them into account in connection with what I have just given you. They are not propositions to be taken by themselves. You will take what has been so asked by the parties in connection with what has already been given.

When the acts committed by the defendant are in themselves unlawful, the intention to commit such acts will be imputed to the defendant, and the burden is upon him to show to the jury that no such intention existed, taken in connection with this, that when the facts that the statute provides shall constitute an offense are such as are known in law as *malum in se,* that is,

something morally wrong, the mere fact of the commission of the acts specified establishes a presumption of guilty knowledge and intent. But where such facts constitute what in law is known as *malum prohibitum,* that is, something that is prohibited by law, this is not to be presumed. For instance, if there was no law on the subject, there would be nothing wrong about bringing in a million dollars' worth of jewelry. Murdering a man would be wrong whether there was any statute against it or not. It is necessary to prove the guilty knowledge and intent of the defendant in committing such acts, and the mere commission is no proof of intent. But intent is to be got at by all the facts of the case.

The court instructs the jury that nonresident foreigners are allowed to bring into the United States, without payment of duty, wearing apparel, articles of personal adornment, toilet articles, and similar personal effects, that actually belong to such nonresident foreigners, and are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and are not intended for other persons; but the law requires nonresident foreigners to declare such articles even though they be not subject to duty.

In determining what articles of personal adornment are necessary and appropriate, the jury may consider the customs, fashions, and modes of the country of which the nonresident is a citizen, and the personal taste and preferences of the user, and his condition in life.

If the jury find from the evidence that at the time of passing the customs, the defendant, Sierra, did not intend to defraud the revenues, the verdict must be for the defendant, but the jury can take into consideration the surrounding circumstances and

the acts of the defendant at and subsequent to the time of passing the customs, and can infer such intent from such acts and circumstances.

Smuggling means the clandestine introduction of goods, wares, or merchandise that are subject to duty by law, knowingly and with intent to defraud the revenue of the United States. The word "smuggle" is a technical word having a known and separate meaning, a necessary meaning in a bad sense, and implies something illegal, and is inconsistent with an innocent intent. The idea conveyed by it is that of a secret introduction of goods with intent to avoid the payment of duty.

In order to convict the accused, Francisco Sierra, of the offense charged in the indictment, you must be satisfied by the evidence beyond a reasonable doubt of each of the following facts that constitute the necessary legal element of the crime for which he is on trial:

1st. That the articles enumerated and described in the indictment were subject to the payment of duty fixed by law at the time and place charged in the indictment.

2d. That such articles were brought into Porto Rico at or about the time alleged in the indictment by the defendant, Sierra, in a secret, clandestine, or fraudulent manner.

3d. That the defendant, in bringing in the said articles of jewelry, intended to defraud the revenues of the United States.

The court instructs the jury that nonresident foreigners are allowed to bring into the United States, without payment of duty, wearing apparel, articles of personal adornment, toilet articles, and similar personal effects, that actually belong to such nonresident foreigners, and are necessary and appropriate for

the wear and use of such persons, and are intended for such wear and use, and are not intended for other persons or for sale.

Necessary for use as employed in the law means reasonably convenient for wear and use,—it is not limited to such things as are indispensable. Necessary means reasonable and convenient. Necessary as used in the statute exempting necessary wearing apparel is not to be understood in its most rigid sense, implying something indispensable, but is equivalent to convenient and comfortable.

In determining what articles of personal adornment are necessary and appropriate, regard may be had, amongst other things, to the customs, fashions, and modes of the country of which the nonresident is a citizen, and to the personal taste and preferences of the user, as proved by the evidence.

If the jury find from the evidence that at the time of passing the customs the defendant, Sierra, did not intend to defraud the revenues, the verdict must be for the defendant.

Knowledge and intention are necessary elements of the offense of smuggling, as unintentional or ignorant bringing in of dutiable articles without paying duties does not constitute the offense of smuggling. Such intent is to be determined from the evidence in the case.

If the defendant, Sierra, did not intend to sell or deliver to other persons the articles mentioned in the indictment at the time he passed the customs, it does not matter if he subsequently changed his mind and determined to sell some or all of such articles. If he honestly had no intention of selling or disposing of such articles when he made his declaration, and passed the customs' lines, the fact that he afterwards sold or attempted to sell such articles constitutes no offense. He had a right to

United States v. Sierra.

change his mind and sell such articles in event of necessity. Now this must be determined from his acts and other evidence in the case.

Jewelry is included in the general term "baggage." Defendant was not required to declare his jewelry separately, unless it did not belong to him or was intended for other persons or for sale. As the specific intent to defraud the revenues is essential to the crime of smuggling, the jury may take into consideration the facts shown by the evidence as to whether defendant was ignorant of the law in determining whether such intent existed.

The possession of the articles is no proof of smuggling. Smuggling must be proved.

The law requires that each member of the jury should be satisfied beyond a reasonable doubt as to every essential element of the offense charged.

You will now retire in charge of the marshal, and select your foreman, who will be the intermediary between yourselves and the court. You will find one of these two forms of verdict, which in either case will be signed by your foreman: We, the jury, find the defendant guilty as charged in the indictment; or, We, the jury, find the defendant not guilty.